NO. 07-01-0147-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 6, 2001
_____

TRUMAN TOMMY MATTHEWS

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 155th DISTRICT COURT OF WALLER COUNTY;

NO. 98-05-9372; HON. DAN R. BECK, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, REAVIS, and JOHNSON, JJ.

Truman Tommy Matthews (appellant) appeals his conviction for murder. Both the clerk's and court reporter's records were filed by September 20, 2001. Thus, appellant's brief was due on October 22, 2001. However, one was not filed on that date. By letter dated October 26, 2001, we notified appellant's counsel, Kristine C. Woldy, of the expired deadline and directed her to respond to our notification of same by Monday, November 5, 2001, or the appeal would be abated to the trial court pursuant to Tex. R. App. P. 38.8.

November 5, 2001 came and went without any response by counsel to our notice, without counsel tendering a brief, and without counsel filing a motion for extension of time to file a brief.

Consequently, we abate this appeal and remand the cause to the 155th District Court of Waller County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeal; and

2.  whether appellant is indigent;

3.  whether appellant has been denied the effective assistance of counsel due to counsel's failure to timely file a brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and was denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be

developed: 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before December 6, 2001.  Should additional time be needed to perform these tasks, the trial court may request same on or before December 6, 2001.

It is so ordered.

Per Curiam

Do not publish.